Howard BROWN, Plaintiff—Appellant,

v.

GREYHOUND LINES INC., Defendant—Appellee.

No. 00–16117.

D.C. No. CV–97–03097–VRW/PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 21, 2001.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Howard Brown brought this action in state court in 1997 against Greyhound Lines, Inc., alleging that he was unlawfully discharged from employment. Greyhound removed the case to federal district court, and Brown amended his complaint to allege discharge in violation of a collective bargaining agreement. The district court held that Brown's claim had been conclusively adjudicated by the bankruptcy court

and dismissed the complaint with prejudice. Brown appeals, and we affirm.

Greyhound discharged Brown in 1990 after Brown allegedly committed two acts of misconduct during a strike. In discharging him, Greyhound cited only one of the acts of misconduct. Shortly after Brown was terminated, Greyhound filed for bankruptcy. In 1991, the bankruptcy court confirmed a reorganization plan that asserted the jurisdiction of the bankruptcy court over claims such as Brown's, and enjoined all creditors from bringing actions on their debts. Brown never filed a proof of claim in the bankruptcy court. The National Labor Relations Board and Brown's union, however, filed proof of claims on behalf of several strikers, including Brown. Thereafter, Greyhound, with the approval of the bankruptcy court, reached a settlement with the National Labor Relations Board (NLRB) and Brown's union that permitted arbitration of grievances. In 1994, the NLRB notified Brown that it would not pursue Brown's claim in arbitration because Brown had been guilty of a second act of misconduct during the strike.

Brown then initiated this action, contending that he had been subjected to a second discharge when he learned of the second reason supporting his termination. After removing the case to federal court, Greyhound returned to the bankruptcy court and sought an enforcement order and stay of the district court proceedings. The bankruptcy court considered and rejected Brown's contention that he was terminated a second time; the bankruptcy court determined that it had already disposed of Brown's termination claim in the bankruptcy proceeding. The bankruptcy court issued the stay. Brown did not appeal, but continued to pursue the same matter in the district court. The district

court held that the claim had been determined by the bankruptcy court and dismissed Brown's action with prejudice.

Once a reorganization plan is confirmed, it is binding on all parties, and all questions that could have been raised pertaining to the plan are entitled to res judicata effect. *Trulis v. Barton,* 107 F.3d 685, 691 (9th Cir.1995). Brown's claim was squarely placed within the jurisdiction of the bankruptcy court by the reorganization plan. Brown filed no proof of claim, and his claim was not pursued in arbitration. Moreover, Brown subsequently presented to the bankruptcy court the same insubstantial argument that he makes here: that when he learned of the second reason for his discharge, he was in effect subjected to a second discharge that was not within the jurisdiction of the bankruptcy court. The bankruptcy court ruled against Brown, and Brown failed to file a timely appeal from the bankruptcy court's order. Res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits in a previous action involving the same parties and claims. *Robertson v. Isomedix, Inc. (In re Int'l Nutronics, Inc.),* 28 F.3d 965, 969 (9th Cir.). The bankruptcy court's ruling on Brown's claim was res judicata, and the district court properly concluded that Brown was not entitled to relitigate his claim in the district court.

The judgment of the district court dismissing Brown's complaint with prejudice is

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-

